# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| KENNETH RUSSELL DAVIS JR., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF THE AIR FORCE, <br><br> Defendant. | CV-15-68-GF-BMM <br><br><br><br> **ORDER** |

Plaintiff Kenneth Russell Davis Jr., filed a complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to order Defendant U.S. Department of the Air Force (the "Air Force") to produce documents concerning an investigation of Davis. The Air Force Office of Special Investigations ("AFOSI") investigated Davis after having received a complaint that alleged that Davis had engaged in espionage against the United States Government.

Davis filed a request to review a classified Seven Surfers Counterintelligence Note ("the Note") on May 15, 2014. Davis claims that the information in the Note proves critical to prosecute a State District Court case against Thomas Missel and Jennifer Missel. Davis claims that Thomas and Jennifer Missel falsely made allegations that Davis had engaged in espionage against the

1

United States Government. AFOSI declined to produce the documents on the basis that the information should be exempt from release under two FOIA exemptions. The Air Force filed a motion for summary judgment (Doc. 19.)

FOIA seeks to permit access to official information and "attempts to create a judicially enforceable public right to secure such information from possibly unwilling hands." *John Doe Agency v. John Doe Corp*, 493 U.S. 146, 151 (1989). Disclosure represents the "dominant objection" of the Act, but several exemptions to disclosure exist. *Id.* at 152. The Court should construe these exemptions narrowly. *Id.* The Air Force carries the burden to prove *de novo* that the information sought fits under one of the exemptions to disclosure under FOIA. *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973). The Air Force claims that the information sought proves exempt under 5 U.S.C. §§ 522(b)(1) and (b)(7)(E).

FOIA exemption § 522(b)(1) provides that an agency does not have to disclose matters "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy." The matter must be classified pursuant to the Executive order. 5 U.S.C. § 522(b)(1). The Air Force claims that Executive Order 13526 issued by President Barack Obama on December 29, 2009, provides the basis for protection to the Note. (Doc. 14 at 4.) Courts have recognized the "propriety of deference to the executive in the

context of FOIA claims which implicate national security." *Ctr. for Nat. Sec. Stud. v. U.S. Dept. of Justice*, 331 F.3d 918, 927 (D.C. Cir. 2003).

FOIA exemption 5 U.S.C. § 522(b)(7)(E), exempts from disclosure "records or information compiled for law enforcement purposes" to the extent that the records "would disclose techniques and procedure for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." AFOSI acts as a federal law enforcement agency, in addition to its counterintelligence obligations. (Doc. 14.) AFOSI claims that it uses the Seven Surfers Project to "gather information about subjects of criminal investigations." (Doc. 14 at 3.) AFOSI asserts that public knowledge of the information that it collects would "frustrate counterintelligence, counterterrorism and criminal investigation missions at AFOSI." *Id.*

Davis does not dispute that the Court should grant summary judgment for the Air Force. (Doc. 22 at 1.) Davis agrees that summary judgment proves appropriate based on the declarations and administrative record submitted by the Air Force. *Id.* The information withheld by the Air Force should be protected under 5 U.S.C. §§ 552(b)(1) and (b)(7)(E).

Davis seeks instead for the Court to enter a finding, as a matter of law, that AFOSI conducted an investigation into the espionage claims against Davis and

3

found the claims groundless. *Id.* at 2. Davis cites no authority in support of his request. The Air Force submitted a redacted version of the Note which indicates that AFOSI's investigation of Davis revealed that "no information concerning the removal of classified documents was found." (Doc. 14-1 at 1.) Davis has submitted a report which indicates that an AFOSI investigated the espionage claim and found the allegations to be "groundless." (Doc. 23-2.) Davis argues that these documents demonstrate that the espionage claims have no merit.

Davis clearly has access to these documents. Davis may present these documents in his state court lawsuit. The trier of fact in that matter may consider these documents to determine whether the espionage allegations were "groundless."

Accordingly, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 19) is **GRANTED**. The Clerk of Court shall enter Judgement accordingly.

DATED this 8th day of February, 2016.

_____
Brian Morris
United States District Court Judge

4